Generated by Foxit PDF Creator © Foxit Software
http://www.foxitsoftware.com   For evaluation only.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JONATHAN FEHR,

                Plaintiff,

v.

                                      Civil Action No._____

CONSUMER RECOVERY ASSOCIATES, LLC

                Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, JONATHAN FEHR, by and through his attorney, Law Office of Carol Brent, and for his complaint against the Defendant, CONSUMER RECOVERY ASSOCIATES, LLC Plaintiff states as follows:

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Jonathan Fehr is a natural person residing in the County of Monroe and State New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Consumer Recovery Associates, LLC is a foreign limited liability company organized and existing under the laws of the state of Virginia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. The Plaintiff allegedly incurred a payday loan debt. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That on or about November 23, 2010, Melissa, a duly authorized representative of Defendant called the Plaintiff's father and left a voicemail.

12. That on or about November 23, 2010, Plaintiff called Melissa

Generated by Foxit PDF Creator © Foxit Software
http://www.foxitsoftware.com   For evaluation only.

from his cell phone.

13. Defendant stated that she was calling pertaining to a payday loan and the debt would be turned over to the IRS if it was not paid.

14. That Defendant stated that the IRS would garnish the Plaintiff's wages.

15. That Defendant admitted that the statute of limitations on the debt had expired.

16. That on or about November 23, 2010, Plaintiff called the Defendant a second time using his employer's telephone. Defendant refused to identify himself, yelled at the Plaintiff and told the Plaintiff to never call back again.

17. That on or about November 23, 2010, Defendant called Plaintiff's place of employment and spoke to the Plaintiff's co-worker.

18. Defendant informed Plaintiff's co-worker that the Plaintiff needed to pay the debt that day or the Plaintiff would be in trouble.

19. That on or about November 23, 2010 Defendant called the Plaintiff's father after making the previous phone calls.

20. That Defendant stated that she was looking for the Plaintiff although the Defendant already knew where the Plaintiff was located.

21. Plaintiff did not consent to Defendant contacting third parties.

22. Defendant already had location information for Plaintiff.

23. That as a result of Defendant's actions Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 23 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C.§1692 et seq.) as follows:

A. Defendant violated 15 U.S.C.§1692b(2) and 15 U.S.C.§1692b(3) by communicating the alleged debt to a third party.

B. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

C. Defendant violated 15 U.S.C.§1692b(1) by failing to state to third party contacts that Defendant was calling to confirm or correct Plaintiff's location information;

D. Defendant violated 15 U.S.C. §1692e and 15 U.S.C.§1692e(11) by asking the third party contacts to give Plaintiff a message to contact Defendant. Such action by Defendant was an attempt to collect a debt and Defendant failed to give the required mini-miranda warning, and without such warning Defendant engaged in a deceptive representation in an effort to collect the subject debt;

E. Used false, deceptive and misleading means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

F. Defendant violated 15 U.S.C.§1692e(5) by threatening to turn debt over to the IRS for wage garnishment purposes.

G. Defendant violated 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f(1) by using false representation and deceptive means to collect or attempt to collect a debt or to obtain information concerning the consumer by attempting to collect a debt in which the statute of limitations had expired.

26. That as a result of the Defendant's FDCPA violations alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k.

(b) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

## VI.  JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:   January 7, 2011              /s/ Carol A. Brent
                                      Carol A. Brent
                                      Law Office of Carol Brent
                                      Attorney for the Plaintiff
                                      331 Alberta Drive, Suite 214
                                      Amherst, NY 14226
                                      (716) 650-0750
                                      Email: carolbrent@brentlawoffice.com